UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES | **JUDGMENT** |
|---|---|
| V. | CASE NO. 3:16CR94(RNC) |
| | USM:2483-014 |
| PAMELA MALLORY | |

Government's Counsel:
John Trowbridge Pierpont
Assistant U.S. Attorney
157 Church Street, 25th floor
New Haven, Connecticut 06510

Defendant's Counsel:
Robert B. Muchinsky
39 Russ Street
Hartford, Connecticut 06106-1566

The defendant pleaded guilty to Count One of the Information. Accordingly, the defendant is adjudicated guilty of the following offense:

| **Title & Section** | **Nature of Offense** | **Offense Concluded** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 657 | Embezzlement by a Credit Union Employee | January 2016 | One |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984. A non-Guidelines sentence is imposed. A significant term of imprisonment is necessary to impose just punishment, reflect the seriousness of the offense, and provide adequate deterrence to criminal conduct. However, a sentence below the advisory range is sufficient because of extenuating circumstances that are undisputed. Specifically, it is undisputed that (1) the defendant began to embezzle from her employer due to serious coercion and duress involving threats of physical harm; and (2) she suffered from post traumatic stress disorder, which may have contributed to her commission of the offense.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 21 months. The defendant will self-surrender on September 28, 2016, by no later than 2:00 p.m., to the facility designated by the Bureau of Prisons. In the absence of a designation, the defendant will self-surrender to a Bureau of Prisons facility as directed by the U.S. Marshal for the District of Connecticut.

**RECOMMENDATION TO THE BUREAU OF PRISONS**

The Court recommends to the Bureau of Prisons that the defendant serve her term of imprisonment at FCI Danbury, Satellite Camp, to facilitate family visits.

**SUPERVISED RELEASE**

The defendant will be on supervised release for a term of five years subject to the mandatory and standard conditions of supervised release set forth below. In addition, the following special conditions are imposed:

1. The defendant will pay restitution in the amount of $840,378.28, payable to Berkley FinSecure. Restitution payments will be made at a rate of $100 per month to the Clerk, U.S. District Court, 141 Church Street, New Haven, Connecticut 06510. The amount of the monthly payment may be adjusted based on the defendant's ability to pay as determined by the Probation Office and approved by the Court.

2. The defendant will participate in a program of mental health evaluation, counseling and treatment under the direction of the Probation Office and will pay all or part of the costs based on her ability to pay in an amount to be determined by the Probation Office.

3. The defendant will provide the Probation Office with access to requested financial information.

4. The defendant will not incur credit card charges in excess of $100 or open lines of credit without prior approval of the Probation Office.

5. The defendant will not occupy a position of trust that gives her access to or control over funds belonging to others without prior approval of the Probation Office.

**MONETARY PENALTIES**

The defendant will pay a special assessment of $100.

The defendant will notify the United States Attorney for this District within 30 days of any change of name, residence or mailing address until the restitution imposed by this judgment is paid.

**DATE: August 17, 2016**
Date of Imposition of Sentence

/s/ Robert N. Chatigny

Robert N. Chatigny, United States District Judge
Date: August 18, 2016

RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
Brian Taylor
Acting United States Marshal

By _____
Deputy Marshal

CERTIFIED AS A TRUE COPY
ON THIS DATE _____
Roberta D. Tabora, Clerk
BY: _____
    Deputy Clerk

## CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

### MANDATORY CONDITIONS

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ☐ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ☐ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ☐ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ■ (7) The defendant shall cooperate in the collection of a DNA sample from the defendant.

While on supervised release, the defendant shall also comply with all of the following Standard Conditions:

### STANDARD CONDITIONS

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change of residence or employment; or if such notification is not possible, then within five days after such change;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
14. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

The defendant shall report to the Probation Office in the district to which the defendant is released within 72 hours of release from the custody of the U.S. Bureau of Prisons. Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)　_____　　Date _____

　　　　　_____　　Date _____
　　　　　**U.S. Probation Officer/Designated Witness**

　　　　　**Defendant**